```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

WALTER HALLIE WEBB,            )
                               )
        Plaintiff              )
                               )         No. 3:12-1077
v.                             )         Judge Campbell/Brown
                               )         **Jury Demand**
TERRY ASHE, *et al.*,          )
                               )
        Defendants             )

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

Presently pending are four motions to dismiss or for summary judgment. The first is a motion to dismiss by the Defendants Tennessee Corrections Institute (TCI) and Joe Ferguson (Ferguson) (Docket Entry 38). The second is a motion for summary judgment on behalf of the City of Lebanon (Docket Entry 40). The third is a motion to dismiss by Steve Hopper on behalf of Sheriff Hopper and Smith County (Docket Entry 46). The fourth is a motion to dismiss by the Defendants Ashe, Bryan, Gray, Whitefield, Shoemate, Roland, Wilson County, Goodall, Neal, Seay, and the Wilson County Health Department (Docket Entry 62).

There has been no response to any of these four motions by the Plaintiff, except the Plaintiff did request additional time to respond to Docket Entry 38, 40, and 46 (Docket Entry 48). The Magistrate Judge gave the Plaintiff until April 1, 2013, to respond to the pending motions (Docket Entry 50). As of the date of this Report and Recommendation the Plaintiff has filed no response to these three motions. Subsequently, the Defendants Ashe, Bryan,

Goodall, Neal, Roland, Seay, Shoemate, Whitefield, Wilson County, and Wilson County Health Department filed motions to dismiss (Docket Entry 62). Again, as of the date of this Report and Recommendation no response has been filed to this motion. For the reasons stated below, the Magistrate Judge recommends that all four motions be GRANTED and the complaint against these Defendants be DISMISSED with prejudice as requested.

This will leave claims against Whitefield, Mathews, Seay, and Southern Health Partners, which will be the subject of a SEPARATE scheduling order after the District Judge has ruled on this Report and Recommendation.

It does not appear that the 15th Judicial District has been served. Since it has been more that 120 days without service of process the magistrate judge further recommends the claims against the Fifteenth Judicial District be dismissed. Even if the District was served, complaints of a lack of a state speedy trial are for the state courts. Since the filing of the original complaint it appears the Plaintiff has been convicted of the state charges that were pending against him. All claims against the 15th Judicial District should be DISMISSED as frivolous with prejudice.

The Defendants Mathews and Southern Health Partners have filed an answer in the matter (Docket Entry 22). Answers have also been filed by Neal, Seay, Whitefield, Wilson County, and Wilson County Health Department (Docket Entry 63).

2

Although the City of Lebanon filed a motion for summary judgment it does not appear that the City of Lebanon has actually filed an answer in this matter, although one would be required.

## BACKGROUND

The complaint in this matter (Docket Entry 1) filed on October 19, 2012, lists some 18 Defendants.

(1) The Plaintiff alleges that Ashe, Bryan, Whitefield, and Shoemate are personally responsible for the daily operations of the third shift of the Wilson County Jail. He contends as upper and middle managers they are liable for all facts set forth in his complaint.

(A) He alleges that since he has been in the Wilson County Jail he has been fed cold food. He alleges, without citing any specific statutes, that a commercial kitchen must serve food at a minimum temperature of 140 degrees.

(B) He further alleges that since he arrived at the Wilson County Jail on November 24, 2010, as a pretrial detainee there has never been a night of solid eight hours of lights out. He alleges that they only have five and one-half hours of lights out and of decent sleep.

(C) He alleges that as a pretrial detainee he was housed with violent, dangerous, convicted, TDOC state inmates and this caused him to fear for his safety and health, particularly when he was placed in the same four-man cell with a known gang leader. He

3

alleges that this gang leader had already sent two other inmates to the hospital in 2011 with serious injuries.

  (D) He alleges that there are no contact visits and that a visitation schedule precludes all productive citizens and school-aged children from visiting family members that are being held for trial or simply doing time for their sentences; that there are no weekend visits and no evening or after work visitations.

  (E) He alleges denial of medical and dental and optical care. He alleges that he has been denied Zovarax, a medication that prevents outbreaks of herpes and that he has had 15 very painful outbreaks over the past 23 months. He also alleges that he has been denied eyeglasses and eye exams and fillings for cavities. He alleges that he was told by Nurse Casandra of the Southern Health Partners that Wilson County Jail was not going to provide prescription glasses and that the dental option was to pull a good tooth that he believed needed a filling. He alleges that he was denied medical care on July 3, 2012, after waiting two and a half months to see a doctor for pain medication to treat his degenerative disc disease and degenerative arthritis. He alleges that Dr. Mathews of Southern Health Partners denied him any optimal pain medication, although he had supporting documents of his condition from his Veterans Administration file.

  (F) He alleges that the toilets are improperly installed and that for 23 months fecal matter and human waste has sloshed from one toilet to the adjacent toilet and from one cell to the

next. He alleges that although he complained to the health department about the toilets and the food, that the health department did nothing about the matter.

  (G) He alleges that there are freezing cold temperatures in the pods and that being kept in super-freezing conditions is cruel and unusual punishment. He alleges that response to the grievances from Lt. Whitefield were always a lie.

  (H) His next complaint is that there is a lack of exercise, and that although the jail has a recreation room attached to each pod he was denied usage and access to them if it was below 55 degrees or above 95 degrees, although they are fully HVAC equipped. He alleges that inmates were not allowed a full hour to exercise at any time and were forbidden to exercise in the day rooms. He alleges that they were never allowed outside for exposure to the sun.

  (I) He alleges that no milk or fresh fruit is ever served, although they are recommended by the FDA and AMA.

  (J) He alleges that he was convicted in criminal court on August 1, 2012, and sentenced on September 10, 2012, to a lengthy sentence. He alleges that Lt. Whitefield threatened him with the statement that, "he would keep me here at the WCJ indefinitely" because the Plaintiff was filing grievances and that he knew the Plaintiff was suing him. He alleges that the jail and the Clerk's office of Linda Neal did not submit the sentencing or

5

conviction report to TDOC. He alleges that sentenced inmates are held at the Wilson County Jail to make profits off housing inmates.

(K) He alleges that since December 2010 he has tried to have another individual arrested for aggravated burglary of his home in Lebanon. He alleges that Wilson County Detective Barbee met with him and he was simply passed off to the Smith County Sheriff's Office. He alleges that the Smith County Sheriff's Office never followed through about his request at all. He alleges that the Smith County Sheriff's Department has violated his Fourteenth Amendment rights by not following up on his complaint.

(L) He alleges that on May 22, 2012, he and other inmates were sexually harassed by Correctional Officer Seay while attempting to go to the recreation yard. He does not provide any detail as to what constituted sexual harassment.

(M) He alleges that it took over 21 months to get a trial, which is a violation of the Speedy Trial Act of 1974. He alleges that the 15th Judicial District wants to delay trials in order to keep the jails full.

**PENDING MOTIONS**

I.   Turning to the first motion to dismiss (Docket Entry 38). TCI and Ferguson state that they are not even mentioned in the complaint. They argue that absent a factual showing that they authorized, approved, or knowingly acquiesced in any alleged conduct, the Plaintiff has failed to state a § 1983 claim against them.

6

**II.** The Defendant City of Lebanon filed a pleading entitled "Motion for Summary Judgment" (Docket Entry 40). However, the pleading refers to Fed. R. Civ. P. 12(b) and states that the Plaintiff has failed to state any cause of action against the City of Lebanon upon which relief can be granted. They do allege that even if all statements were taken as true they would be entitled to summary judgment.[1] In connection with their motion for summary judgment they filed a statement of material facts to which the Plaintiff has not responded. Accordingly, the Magistrate Judge can take the statement of facts as accurate.

Essentially, the statement of facts allege (1) that the City is a municipal corporation of the State of Tennessee; (3) the City of Lebanon does not own, run, maintain, staff, finance, or manage any jail facility and relies on the Wilson County Sheriff's Department for housing any Lebanon Police Department arrestees; (5) the City of Lebanon has no oversight, supervision, administrative, staffing, financing, or management responsibilities of the Wilson County Jail; (7) they further allege that the Plaintiff's complaint lacks a single allegation that, if taken as true, would impute liability on the City of Lebanon as all of the allegations relate to his treatment and housing at the Wilson County Jail, over which

---

[1] From the Magistrate Judge's perspective it would have been best had they simply filed a motion to dismiss under Rule 12(b)(6). Technically, by filing a motion for summary judgment they were required to file an answer, which they did not do. Had they filed a motion under Rule 12(b)(6), an answer would not have been required until the motion was ruled on. Combining apples and oranges in one pleading is not generally a good idea.

7

the city of Lebanon has no ownership, management, staffing, financing, or any other responsibility.

In support of the statement of fact they provide the Affidavit of Lebanon Chief of Police Bowen (Docket Entry 42), which essentially states the various facts cited above.

**III.** The Defendant Steve Hopper, Sheriff of Smith County, has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Docket Entry 46). This motion is supported by a memorandum of law (Docket Entry 47). Sheriff Hopper in his motion contends that there are no factual allegations to support a § 1983 civil rights violation against Sheriff Hopper to the extent he is sued in his official capacity against Smith County. He argues that a plaintiff making a §1983 claim must allege and prove that the Defendant was personally involved in some manner in the alleged unconstitutional activity as set out in the complaint.

He points out that he is the Sheriff of Smith County and that in paragraph (K) of the complaint the Plaintiff alleged that in December 2010 he tried to have an individual residing in Hermitage, Tennessee, arrested for burglary of the Plaintiff's home in Lebanon, Tennessee, which is in Wilson County. Plaintiff alleges that it took over a year to get a Wilson County Deputy Sheriff to meet and discuss the case with him and that no one from the Smith County Sheriff's Department ever followed up with him. Sheriff Hopper argues that even if this is true, this does not state a constitutional violation. He notes that under *Monell v. Department*

8

*of Social Services*, 436 U.S. 658, 691 (1978) that there is no *respondeat superior* liability for civil rights violations and that Plaintiff has failed to allege that Smith County has a policy, practice or custom that causes civil rights violations as to any claim against the County or the Sheriff.

Even if a municipal government entity merely employed an individual who engaged in some form of unconstitutional conduct, there is no liability on the municipality absent some direct evidence that the action occurred pursuant to the municipal policy, practice, or custom. The Plaintiff filed no response to this motion.

**IV.** The Defendants Ashe, Bryan, Gray, Whitefield Shoemate, Roland, Wilson County, Goodall, Neal, Seay, and Wilson County Health Department, in their individual capacity, (Wilson County Defendants) have moved for a partial dismissal of the claims against them (Docket Entry 62). In their memorandum in support of their motion to dismiss (Docket Entry 62-1).[2] They moved to dismiss all claims against Ashe, Bryan, Shoemate, Gray, Roland and Goodall because the complaint is devoid of factual allegations on which the Plaintiff can state a claim. Likewise, they move to dismiss Wilson County because the Plaintiff has failed to set forth any allegations that the County has a policy or custom that harmed the Plaintiff. They further moved the Court to dismiss all claims

---

[2]Memorandums and affidavits should normally be filed with separate docket numbers and not as an attachment to the underlying motion.

9

that are barred by the applicable statutes of limitations, and finally that all claims for violation of the Tennessee Constitution should be dismissed. The Plaintiff filed no response to this motion.

## LEGAL DISCUSSION

For the purpose of the consideration of these motions, under Fed. R. Civ. P. § 12(b)(6) the Magistrate Judge has considered as true all well-pled facts contained in the complaint. However, applying *Iqbal*, the Magistrate Judge does not take as true legal conclusions which are not supported by well-pled facts. The Plaintiff's complaint under *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009) must raise at least plausible allegations of Constitutional violations.

To the extent the motions involve summary judgment the Magistrate Judge has applied the normal rules of summary judgment.

"Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Adams v. Rockafellow,* 66 Fed.Appx. 584 (6th Cir. 2003) (citing Fed. R. Civ. P. 56(c); *LaPointe v. UAW, Local 600,* 8 F.3d 376, 378 (6th Cir.1993).) "If either party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case." *Id. (*citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265

10

(1986).) "Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *LaPointe,* 8 F.3d at 378.) "The mere existence of a scintilla of evidence to support Plaintiff's position would be insufficient; there must be evidence upon which the jury can reasonably find for the Plaintiff." *Id.* (citing *Anderson,* 477 U.S. at 252, 106 S. Ct. 2505.)

**I.** The Magistrate Judge finds that the motion (Docket Entry 38) of Defendants TCI and Ferguson is well-taken and should be GRANTED. The Plaintiff has provided no information whatever concerning improper activities by these Defendants. A Plaintiff, pursuing a §1983 claim must allege that a defendant was personally involved in some manner in the alleged unconstitutional activity set out in the complaint. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, the Supreme Court in *Iqbal* clearly held that a complaint must contain factual allegations sufficient to show that the legal claims are plausible. In this case the Plaintiff has not provided a glimmer of a complaint against these two Defendants. Accordingly, they are entitled to have the claims against them DISMISSED with prejudice.

**II.** The City of Lebanon's motion (Docket Entry 40) leaves something to be desired. As the Magistrate Judge noted

11

above, it combines both a motion to dismiss along with a motion for summary judgment. Local Rule 7.01(a) requires that every motion that may require the resolution of an issue of law shall be accompanied by a memorandum of law citing supporting authority. This motion is not accompanied by such a memorandum. Nevertheless, the Plaintiff has failed to respond to either the motion or to the statement of material facts, and accordingly the Magistrate Judge may take the asserted facts as not disputed for the purpose of summary judgment (Local Rule 56.01(g)).

After a careful review of the complaint the Magistrate Judge must agree with the position of the City of Lebanon. The Plaintiff does not allege facts, which would plausibly support a claim against the City of Lebanon. As mentioned above, in discussing the motion to dismiss by the Tennessee Corrections Institute, case law clearly requires the Plaintiff to make some plausible claims as to relief against each Defendant. Despite the failure of the City of Lebanon to cite any authority or to file a memorandum in support of their motion, nevertheless the law is clear and they are entitled to a dismissal under Rule 12(b)(6) for failure to state a cause of action against the City of Lebanon. The Magistrate Judge will recommend relief on this ground, rather than the alternative ground of summary judgment.

**III.** The Magistrate Judge has again reviewed the record and finds that the contentions of Sheriff Hopper (Docket Entries 46 and 47)are correct. He point out that there is no allegation as to

why Sheriff Hopper or Smith County would have any connection with a burglary committed by an alleged resident of Hermitage, Tennessee, which occurred in Lebanon, Tennessee. Neither of these places are in Smith County.

Also absent some allegation that the Plaintiff is in some protective class, the mere failure to investigate or to pursue a criminal charge does not constitute a violation of §1983. The Magistrate Judge therefore concludes that Sheriff Hopper is entitled to a dismissal of all claims against him individually. To the extent he is sued in his official capacity both he and Smith County are entitled to a dismissal of the charges against them with prejudice.

**IV.** The Magistrate Judge agrees with the position of the Wilson County Defendants (Docket Entry 62) and the legal reasoning and law cited in their memorandum (Docket Entry 62-1). The claims against Ashe, Bryan, Shoemate, Gray, Roland, and Goodall should be DISMISSED with prejudice in both their individual and official capacities. To the extent they are sued in their individual capacities the Plaintiff has failed to allege specific factual allegations showing that these Defendant acquiesced in or authorized any alleged action of any other Defendant in violation of the Plaintiff's rights. As the Magistrate Judge pointed out in Section I of his Legal Discussion, the Plaintiff must allege the Defendant was personally involved in some manner in the alleged unconstitutional activity. The Plaintiff has failed to do this and,

13

accordingly, these Defendants to the extent they are sued in their individual capacities are entitled to the dismissal of the claims with prejudice.

To the extent these Defendants are sued in their official capacity, the Plaintiff has sued Wilson County and claims against individuals in their official capacity are redundant to those claims and may be dismissed as duplicative and unnecessary. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).

Turning to the 1983 claims against Wilson County, the Magistrate Judge again agrees with the position of the Defendants that municipalities are not liable for every misdeed of their employees or agents. Municipal liability cannot be based on the theory of *respondeat superior*, rather in order for the Plaintiff to hold Wilson County liable he must identify the municipal policy or custom, connect the policy to the municipality, and show that his particular injury was incurred through the execution of that policy. *Alkire*, 330 F.3d @ 815. The Plaintiff must show that a County policy or custom was a moving force behind the deprivation of his Constitutional right. *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

The Magistrate Judge has read the complaint and fails to find that the Plaintiff has set forth any policy or practice of the County that constituted a moving force behind the alleged violations of his Constitutional right. Accordingly, the Magistrate Judge believes that Wilson County is entitled to a dismissal of the

14

claims against it as well as claims against the individual Defendants in their official capacity as employees or former employees of Wilson County with prejudice.

The Defendants further move to bar all claims which are beyond the one year statute of limitation applicable to claims under 42 U.S.C. § 1983. The law is well-settled that the statute of limitations for personal injuries arising in Tennessee under the Federal Civil Rights Statute is one year. T.C.A. § 28-3-104, *Robertson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

The Defendants in their motion do not particularly specify which of the Plaintiff's rather convoluted claims should be barred. However, they are correct to the extent that any of the claims that are for discreet injuries, occurring more than one year before the case was filed, are barred.

The Magistrate Judge notes that the complaint was filed on October 19, 2012. Allowing the Plaintiff the benefit of a five-day mailbox rule for delivering his complaint to the institution mail system, any claims that allege discreet acts against him prior to October 14, 2011, must be dismissed with prejudice.

As a practical matter, since the Plaintiff's complaint is not particularly specific about the dates of a number of acts, the exact scope of which complaints are barred by the statute of limitations will have to wait for discovery and further clarification to establish these dates.

15

Finally, the Wilson County Defendants contend that all claims asserted by the Plaintiff for violation of his rights under the Tennessee Constitution should be dismissed because Tennessee does not recognize a private right of action for violations of the Tennessee Constitution. Again, the Magistrate Judge agrees with the position of the Wilson County Defendants (Docket Entry 62-1, p. 9). As the cases they cite hold, the Tennessee courts have not extended Tennessee law for the recovery of damages for violation of the Tennessee Constitution by a state officer. Accordingly, all claims for violation of the Tennessee Constitution should be DISMISSED with prejudice.

Linda Neal is apparently sued in her official capacity as Clerk of Wilson County because she failed to complete paperwork to transfer the Plaintiff to a state prison. She would be covered by the same defenses as Wilson County. To the extent the Plaintiff has alleged that there was a failure to transfer him from the Wilson County Jail to the Tennessee Department of Corrections, the Magistrate Judge fails to see that this constitutes a Constitutional violation. The Plaintiff has no right to be housed in any particular institution and therefore even if there was a failure to transmit necessary papers, the Magistrate Judge is unable to find a Constitutional violation. *Geiger v. Prison Realty Trust, Inc.*, 13 Fed. Appx. 313 (6th Cir. Tenn. 2001).

**RECOMMENDATION**

16

For the reasons stated above, the Magistrate Judge recommends that all claims against the Defendants, Ashe, Bryan, Gray, Shoemate, Ferguson, Tennessee Corrections Institute, Hopper, Roland, 15 Judicial District, Wilson County, City of Lebanon, Wilson County Health Department[3],Goodall and Neal be DISMISSED with prejudice. In addition, the Magistrate Judge recommends that all claims not established to have occurred after October 14, 2011, be DISMISSED as beyond the statute of limitations and finally that all claims alleging violations of the Tennessee Constitution be DISMISSED with prejudice.

Claims against Whitefield, Mathews, Seay, and Southern Health Partners remain, to the extent they are not barred by the statute of limitations or by claims under the Tennessee Constitution.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed to this Report in which to file any responses to said objections.

---

[3]Although the motion does not directly address Wilson County Health Department, it is apparent in the pleadings that Wilson County Health Department is a subunit of Wilson County and therefore is not subject to suit as a separate entity, but is entitled to such defenses as Wilson County itself has. Therefore, the Magistrate Judge includes the Wilson County Health Department in this recommendation. The only allegation against the Health Department is that they did not act on the Plaintiff's complaints about the toilets. Mere failure to act on a complaint is not a § 1983 violation as alleged. *See Johnson v. Aranack*, 482 Fed. Appx. 992 (6th Cir. KY 2012).

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 6th day of June, 2013.

                                              <u>/s/   Joe B. Brown</u>
                                              JOE B. BROWN
                                              United States Magistrate Judge