```
               UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

WALTER HALLIE WEBB,            )
                               )
        Plaintiff              )
                               )    No. 3:12-1077
v.                             )    Judge Campbell/Brown
                               )    **Jury Demand**
TERRY ASHE, *et al.*,          )
                               )
        Defendants             )

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the motion to dismiss by the City of Lebanon (City)be GRANTED and all claims against the City be DISMISSED with prejudice Under Rule 12(b)(6).

### BACKGROUND

The complaint in this matter (Docket Entry 1) filed on October 19, 2012, lists some 18 Defendants.

(1) The Plaintiff alleges that Ashe, Bryan, Whitefield, and Shoemate are personally responsible for the daily operations of the third shift of the Wilson County Jail. He contends as upper and middle managers they are liable for all facts set forth in his complaint.

(A) He alleges that since he has been in the Wilson County Jail he has been fed cold food. He alleges, without citing any specific statutes, that a commercial kitchen must serve food at a minimum temperature of 140 degrees.

(B) He further alleges that since he arrived at the Wilson County Jail on November 24, 2010, as a pretrial detainee there has never been a night of solid eight hours of lights out. He alleges that they only have five and one-half hours of lights out and of decent sleep.

(C) He alleges that as a pretrial detainee he was housed with violent, dangerous, convicted, TDOC state inmates and this caused him to fear for his safety and health, particularly when he was placed in the same four-man cell with a known gang leader. He alleges that this gang leader had already sent two other inmates to the hospital in 2011 with serious injuries.

(D) He alleges that there are no contact visits and that a visitation schedule precludes all productive citizens and school-aged children from visiting family members that are being held for trial or simply doing time for their sentences; that there are no weekend visits and no evening or after work visitations.

(E) He alleges denial of medical and dental and optical care. He alleges that he has been denied Zovarax, a medication that prevents outbreaks of herpes and that he has had 15 very painful outbreaks over the past 23 months. He also alleges that he has been denied eyeglasses and eye exams and fillings for cavities. He alleges that he was told by Nurse Casandra of the Southern Health Partners that Wilson County Jail was not going to provide prescription glasses and that the dental option was to pull a good tooth that he believed needed a filling. He alleges that he was denied medical care on July 3, 2012, after waiting two and a half

months to see a doctor for pain medication to treat his degenerative disc disease and degenerative arthritis. He alleges that Dr. Mathews of Southern Health Partners denied him any optimal pain medication, although he had supporting documents of his condition from his Veterans Administration file.

(F) He alleges that the toilets are improperly installed and that for 23 months fecal matter and human waste has sloshed from one toilet to the adjacent toilet and from one cell to the next. He alleges that although he complained to the health department about the toilets and the food, that the health department did nothing about the matter.

(G) He alleges that there are freezing cold temperatures in the pods and that being kept in super-freezing conditions is cruel and unusual punishment. He alleges that response to the grievances from Lt. Whitefield were always a lie.

(H) His next complaint is that there is a lack of exercise, and that although the jail has a recreation room attached to each pod he was denied usage and access to them if it was below 55 degrees or above 95 degrees, although they are fully HVAC equipped. He alleges that inmates were not allowed a full hour to exercise at any time and were forbidden to exercise in the day rooms. He alleges that they were never allowed outside for exposure to the sun.

(I) He alleges that no milk or fresh fruit is ever served, although they are recommended by the FDA and AMA.

(J) He alleges that he was convicted in criminal court on August 1, 2012, and sentenced on September 10, 2012, to a lengthy sentence. He alleges that Lt. Whitefield threatened him with the statement that, "he would keep me here at the WCJ indefinitely" because the Plaintiff was filing grievances and that he knew the Plaintiff was suing him. He alleges that the jail and the Clerk's office of Linda Neal did not submit the sentencing or conviction report to TDOC. He alleges that sentenced inmates are held at the Wilson County Jail to make profits off housing inmates.

(K) He alleges that since December 2010 he has tried to have another individual arrested for aggravated burglary of his home in Lebanon. He alleges that Wilson County Detective Barbee met with him and he was simply passed off to the Smith County Sheriff's Office. He alleges that the Smith County Sheriff's Office never followed through about his request at all. He alleges that the Smith County Sheriff's Department has violated his Fourteenth Amendment rights by not following up on his complaint.

(L) He alleges that on May 22, 2012, he and other inmates were sexually harassed by Correctional Officer Seay while attempting to go to the recreation yard. He does not provide any detail as to what constituted sexual harassment.

(M) He alleges that it took over 21 months to get a trial, which is a violation of the Speedy Trial Act of 1974. He alleges that the 15th Judicial District wants to delay trials in order to keep the jails full.

## LEGAL DISCUSSION

This is the second bite of the apple by the City to dismiss the Plaintiff's claims against them. The first effort was a motion for summary judgment (Docket Entry 40), which was ultimately rejected by the District Judge for failing to comply with the Local Rules concerning summary judgment inasmuch as no memorandum of law was filed with the motion (Docket Entry 70). In the present motion (Docket Entry 86) the Defendant City has filed a memorandum of law to accompany their motion to dismiss under Rule 12(b)(6)(Docket Entry 87). The Plaintiff filed a response (Docket Entry 91).

The City contends that although the City was named as a Defendant and listed as a party in Section 3 of the complaint (Docket Entry 1), there is no further mention of the City or of any allegations concerning the City.

The Magistrate Judge has carefully reviewed the complaint in this matter (Docket Entry 1) and must agree with the City's contention. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must present a "short and plain statement of the claim showing that the pleader is entitled to relief." The Plaintiff must allege sufficient facts that when accepted as true raise a right to relief above the speculative level. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937 (2009).

In analyzing the sufficiency of the claim, the Court must construe the complaint in light favorable to the Plaintiff and accept its factual allegations as true and draw all reasonable inferences in favor of the Plaintiff. *Direct TV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). In this case the Plaintiff has simply failed to allege any facts, which if accepted as true, would show that the City exercises any control over the Sheriff or the jail. There is no allegation set out that any of the various individual Defendants were even employees or agents of the City.

In his response (Docket Entry 91) the Plaintiff argues that Wilson County Jail is the only facility that is in question in this case. His argument is that the jail sits within the city limits of Lebanon and it is city/county property funded by the City and that the staff is made up of Lebanon residents, and that the Plaintiff has been a landowner and citizen of Lebanon for over a decade. He argues that "the crux of this lawsuit against the City of Lebanon is this; if jail is part of the city's infrastructure, thus being a vital party of its operation, and therefore the city is also responsible for the jail's actions and treatment of 'pre-trial detainees' such as myself." (Docket Entry 91 p. 2)

Unfortunately, his belief that the City is responsible or directs the operation of the jail, is devoid of any factual basis to support that contention. It is pure and simple only a legal conclusion devoid of factual allegations.

The Magistrate Judge therefore believes that the Plaintiff has failed to make a plausible claim against the City and that the City is, therefore, entitled to a dismissal of his claims against the City, with prejudice.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that all claims against the City be DISMISSED with prejudice, under Rule 12(b)(6) for failure to state a claim and that any appeal from the dismissal of the City be found to be without merit.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed to this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 6th day of November, 2013.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge